UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BENJAMIN PERRY                         CIVIL DOCKET NO. 6:24-cv-01000

VERSUS                                 JUDGE DAVID C. JOSEPH

BROOKSHIRE GROCERY                     MAGISTRATE JUDGE DAVID J. AYO
COMPANY

## MEMORANDUM RULING

Before the court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by Defendant Brookshire Grocery Company ("Defendant" or "Brookshire").  [Doc. 37]. Plaintiff Benjamin Perry ("Plaintiff") filed an Opposition. [Doc. 49].  For the following reasons, the Motion is GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a slip and fall that occurred on July 11, 2023, at a Super 1 Foods grocery store owned and operated by the Defendant located at 924 Rees Street, Breaux Bridge, Louisiana.  [Doc. 37-3, p. 1].  Plaintiff claims he was walking near the front of the store towards the pharmacy when he slipped and fell on liquid on the floor.  [*Id.*].  Video surveillance of the incident was captured. [Doc. 37-4, *see* manual attachment Doc. 37-5].

On July 8, 2024, Plaintiff filed suit in the 16th Judicial District for St. Martin Parish, asserting claims under the Louisiana Merchant Liability Act ("LMLA"), La. Rev. Stat. § 9:2800.6.  [Doc. 1-1].  Defendant removed the matter to this Court on July 26, 2024, on the basis of diversity jurisdiction.  [Doc. 1].

On May 19, 2026, Defendant filed the instant Motion.  [Doc. 37].  In its Motion, Defendant contends that Plaintiff cannot establish an essential element of his LMLA claim, specifically that Defendant either: (i) created the puddle; or (ii) had actual or constructive notice of it prior to Plaintiff's fall.  [Doc. 37-1].  In his Opposition filed on June 22, 2026, Plaintiff argues that Defendant: (i) created the dangerous condition because the accident happened near water bottles placed on horizontal racks; and (ii) had constructive notice of the puddle because the accident occurred at the most heavily trafficked area of the store with at least three cashiers in close proximity. [Doc. 49-1].

<u>**SUMMARY JUDGMENT STANDARD**</u>

A court should grant a motion for summary judgment when the movant can show that "there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson*, 477 U.S. at 248.

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact but need not negate every element of the nonmovant's claim. *Hongo v. Goodwin*, 781 F. App'x 357, 359 (5th Cir. 2019), *citing Duffie v. United*

*States*, 600 F.3d 362, 371 (5th Cir. 2010). If the movant meets this burden, the burden then shifts to the nonmovant, who is required to "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). However, summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017), *quoting Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). But the motion for summary judgment should be granted if the non-moving party fails to produce sufficient evidence to support an essential element of its claim. *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 197 (5th Cir. 2005).

<u>LAW AND ANALYSIS</u>

I.   **Louisiana's Merchant Liability Act**

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Here, Plaintiff's claims against the Defendant for his alleged injuries are governed by the LMLA. The LMLA imposes a duty of care on a

merchant to those lawfully on its premises "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. § 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving the existence of a hazardous condition and that:

1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3) The merchant failed to exercise reasonable care.

La. Rev. Stat. § 9:2800.6(B).

Importantly, a plaintiff bears the burden of proof as to each of these three elements. Indeed, "[t]he burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 59 So.3d 513, 515 (La. App. 3d Cir. 2011), *citing White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997); *see also Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458, 460 (5th Cir. 2012).

## II.   Plaintiff Presents No Evidence That Defendant Created or Had Actual or Constructive Notice of the Condition

Under La. Rev. Stat. § 9:2800.6(B), a plaintiff must demonstrate that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." To satisfy this requirement, a plaintiff must prove that the merchant had either: (i) constructive notice of the unreasonably

dangerous condition; (ii) actual notice of it; or (iii) created it.  *See Wallace v. Brookshire Grocery Co.*, 400 So.3d 1057, 1061 (La. App. 2d Cir. 2024).

### A.   Plaintiff Cannot Show Defendant Created the Condition

Section 9:2800.6(B) requires "proof that the merchant is directly responsible for the spills or other hazardous condition." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 747 (5th Cir. 2017).  Direct responsibility for creation can be shown in one of two ways: (i) evidence that the defendant's employees actually created the hazard through direct affirmative action; or (ii) evidence that the defendant was responsible for maintaining the area where the hazardous condition was manifest. *Id.* at 747-48.

As a threshold matter, a plaintiff must provide evidence showing the source of the substance that created the hazard.  *Wallace*, 400 So.3d at 1062; *see also Dufour v. E-Z Serve Convenience Stores, Inc.*, 98-996 731 So.2d 915 (La. App. 5th Cir. 1999) (holding there was insufficient evidence of creation when a dangerous puddle was next to an ice cooler, but there was no evidence the puddle came from the cooler). "Mere failure to respond appropriately to a known leak is insufficient to constitute 'creation.'" *Wallace*, 400 So.3d at 1064.  Because such a suggestion conflates creation of a dangerous condition with failure to exercise reasonable care, such an interpretation would effectively "nullify subsection B(3) of the statute." *Id.* at 1063, *quoting Matlock v. Brookshire Grocery Co.*, 285 So.3d 76, 82 (La. App. 2d Cir. 2019); *see also Hart v. Lowe's Home Ctrs., L.L.C.*,  2022 WL 1576770, at *3 (5th Cir. May 19, 2022) ("Louisiana courts have uniformly rejected the contention that 'a merchant's

failure to exercise reasonable care is the equivalent of a merchant creating a dangerous condition.'").

Here, there is no evidence in the record that Defendant created the puddle. Plaintiff alleges that Defendant created the puddle because the accident occurred near the entrance, where there was filled, unfilled, and used water bottles on horizontal racks. [Doc. 49-1, pp. 3-4]. Therefore, Plaintiff alleges that the placement of the water bottles created a dangerous condition that only Defendant could control. [*Id.*, p. 4]. However, Plaintiff has not put forth evidence showing where the water originated. [Doc. 37-2, p. 17]. Specifically, Plaintiff did not testify that he saw any of the bottles leaking or otherwise adduce any evidence that the puddle was created by the water bottles. [*Id.*, p. 25]. Thus, Plaintiff has failed to show a genuine dispute of material fact regarding whether Defendant created the hazardous condition.

### B.    Plaintiff Cannot Show Actual Notice of the Condition

There is likewise no evidence that Defendant had actual notice of the existence of the allegedly hazardous condition that caused Plaintiff to fall. Plaintiff stated that he did not see the water before falling, did not know whether the water came from the bottles, and did not know whether the water was in drops or a puddle. [Doc. 37-2, pp. 17, 25-26]. And after reviewing the record in its entirety, there is no evidence indicating that any of Defendant's employees was aware of water on the floor before Plaintiff's fall. There is therefore no dispute of fact as to actual notice.

### C.    Plaintiff Cannot Show Constructive Notice of the Condition

A plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."   La. Rev. Stat. § 9:2800.6(C)(1). Importantly, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element."   *White*, 699 So.2d at 1084.   Thus, "a simple showing that the condition existed is insufficient for a finding of liability and recovery."   *Zeringue v. Wal-Mart Stores, Inc.*, 62 So.3d 276, 279 (La. App. 5th Cir. 2011). And "'[m]ere speculation or suggestion' is not sufficient to [show constructive notice]." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007), *quoting Allen v. Wal–Mart Stores, Inc.*, 850 So.2d 895, 898 (La. App. 2d Cir. 2003).   Consequently, "courts will not infer constructive notice … where the plaintiff's allegations are 'no more likely than any other potential scenario.'"   *Id.*, *quoting Allen*, 850 So.2d at 899.

In short, to succeed on a constructive notice claim, a plaintiff must put forth positive evidence that the condition existed for some time prior to the fall.   *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 216 (5th Cir. 2024).   Absent such evidence, there is no genuine dispute of material fact.   *See id.* at 217 (affirming summary judgment because evidence that it had been raining and that a wet floor sign had been placed "show[ed] nothing about how long it was wet in the spot where [the plaintiff] slipped").

Here, the record does not contain any evidence that the substance existed for some time prior to Plaintiff's fall.   Notably, Plaintiff did not see the puddle prior to

his fall, and he did not see any footprints other than his own. He also testified that he did not see any shopping cart marks or dirt in the area of his fall. [Doc. 7-2, pp. 17, 28]. Video surveillance of the incident also shows no evidence of spills, leaks, or any other substances on the floor in the moments preceding Plaintiff's fall. [Doc. 37-4, *see* manual attachment Doc. 37-5]. Rather, during the 30 minutes before Plaintiff's fall, approximately 50 people traverse the area without issue. [*Id.*]. Following his fall, Plaintiff walked to the pharmacy before notifying one of Defendant's employees that he had fallen. [*Id.*]. During that time, six additional people walked through the same area without issue. [*Id.*].

Plaintiff alleges that because there were three cashiers working near the area where the fall occurred and at least five other employees working at the time, routine inspection and documentation of maintenance should have put Defendant on constructive notice of the condition. *See* [Doc. 49-1, pp. 5-6]. However, "plaintiffs cannot rely on such evidence alone as proof of constructive notice." *Martin v. Kroger Co.*, 273 F.3d 1099, 1099 (5th Cir. 2001). At best, inspection and documentation evidence creates mere speculation or suggestion that Defendant should have known about the puddle. *See Finley v. Racetrac Petroleum, Inc.*, 137 So.3d 193, 199 (La. App. 2d Cir. 2014). And that is not enough to meet the evidentiary burden required by the statute. *Id.*

Thus, there is insufficient evidence to create a genuine dispute of material fact as to whether Defendant had constructive notice of the hazardous condition. *See, e.g., Donaldson v. Sam's E., Inc.*, 21-30189, 2021 WL 4898724, at *4 (5th Cir. Oct. 20,

2021), *quoting White*, 699 So.2d at 1082 (finding plaintiff could not survive summary judgment on constructive notice theory because plaintiff failed to "come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence"); *see also, e.g., Mills v. Cyntreniks Plaza, L.L.C.*, 182 So.3d 80 (La. App. 1st Cir. 2015) (no constructive notice when witnesses did not know how condition came to be on the floor, how long it was present, or see anyone drop anything).

Accordingly, Defendant is entitled to summary judgment because there is no genuine dispute of material fact as to the second element of Plaintiff's LMLA claim. The Court therefore need not analyze the remaining elements of the LMLA to find that summary judgment is appropriate in this case. *See Peterson v. Brookshire Grocery Co.*, 751 F. App'x 533, 535 (5th Cir. 2018), *quoting White*, 699 So.2d at 1086.[1]

## CONCLUSION

For the foregoing reasons, the Court finds that there is no genuine dispute of material fact as to the second element of the LMLA and the Defendant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56.

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 37] is GRANTED.

---

[1] Defendant also moved for partial summary judgment on causation for Plaintiff's knee injury. Having granted summary judgment dismissing Plaintiff's claims, the Court need not rule on Defendant's partial summary judgment motion.

THUS, DONE AND SIGNED in Chambers on this 7th day of July 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE